# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOHN KNOTT,**

        Plaintiff,

v.                                    Civil Action No. 3:10-CV-82
                                          (BAILEY)

**HSBC CARD SERVICES INC.,**

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Currently pending before the Court is the plaintiff's Motion for Remand [Doc. 7], filed August 19, 2010. The defendant responded on September 2, 2010 [Doc. 12], and the plaintiff responded on September 7, 2010 [Doc.14]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, finds that the plaintiff's motion should be **GRANTED**. Therefore, the Court **REMANDS** this matter to the Circuit Court of Jefferson County.

## BACKGROUND

**I.**     **Factual Allegations**

At some point prior to October 30, 2009, the plaintiff entered into an agreement with HSBC Card Services Inc. ("HSBC") for a Union Plus credit card. ([Doc. 3-1] at ¶ 3). On October 30, 2009, the plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia. (Id. at ¶ 4). A copy of the Notice of Bankruptcy was sent to all of the plaintiff's creditors, including HSBC, on November 5, 2009. (Id. at ¶ 5). The plaintiff did not reaffirm the debt with HSBC and received a discharge of the debt

1

on February 19, 2010. (Id. at ¶ 6). Nevertheless, HSBC continued contacting the plaintiff in an attempt to collect on the debt. (Id. at ¶ 7).

On February 23, 2010, HSBC sent the plaintiff a collection letter. (Id. at ¶¶ 8-9). On February 26, 2010, and March 26, 2010, HSBC sent the plaintiff account statements. (Id. at ¶¶ 10-11). Finally, on April 27, 2010, NCB Management Services, Inc. ("NCB") sent the plaintiff a collection letter on behalf of HSBC. (Id. at ¶¶ 12-13). The plaintiff alleges that these communications were made despite HSBC knowing that the plaintiff was represented by an attorney and having access to the attorney's name, address, and telephone number. (Id. at ¶ 16).

## II. **Procedural History**

On July 8, 2010, the plaintiff instituted this action in the Circuit Court of Jefferson County, West Virginia, against HSBC. The Complaint [Doc. 3-1] includes two counts: (1) illegal debt collection under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-2-122, *et seq.*; and (2) negligence per se. In support of Count I, the plaintiff claims that HSBC's communications violated W.Va. Code § 46A-2-128(e), which generally prohibits a debt collector from communicating with a consumer whenever it "appears" or "could be easily ascertained" that he or she is represented by an attorney with respect to the debt. Further, in Count II, the plaintiff asserts that these violations constitute negligence per se.

On August 12, 2010, HSBC removed the case based upon federal question jurisdiction, arguing that the plaintiff's claims are preempted by federal law. ([Doc. 3] at ¶ 1). Specifically, HSBC contends that the plaintiff's claims implicate federal bankruptcy law and are preempted insofar as they rely upon violations of the discharge injunction. (Id.).

2

On August 19, 2010, the plaintiff filed the pending Motion for Remand [Doc. 7], arguing that this Court lacks subject matter jurisdiction. In particular, the plaintiff argues that there is no question of federal law, and that the amount in controversy does not exceed the jurisdictional limit. In support of the first argument, the plaintiff emphasizes that he has only pled state law causes of action. ([Doc. 7-1] at 4-5). In support of the second, the plaintiff has filed a Stipulation [Doc. 8], which states, in whole, that:

> IT IS HEREBY STIPULATED AND AGREED by the Plaintiff, John Knott, that the amount in controversy does not exceed $75,000.00 in the above-captioned mater.

On September 2, 2010, HSBC filed a Response [Doc. 12], arguing that the Court has subject matter jurisdiction because the Complaint presents a federal question. In this regard, HSBC again emphasizes that insofar as the plaintiff's state law claims rely upon violations of the discharge injunction, they are preempted by federal bankruptcy law.

On September 7, 2010, the plaintiff filed a Reply [Doc. 14], reasserting his argument that his Complaint does not implicate a federal question.

## DISCUSSION

### I. Standard

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction. This requirement can be based upon diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441. A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Further, a federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

3

This particular jurisdiction must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

The burden of demonstrating jurisdiction generally resides with the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Likewise, the plaintiff's role in the context of disputes about removability is also clearly defined: the plaintiff is the master of his or her claim. *See **Oklahoma Tax Com'n v. Graham***, 489 U.S. 838 (1989). This means that, "if [the plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case." 14B Charles Wright, *Federal Practice and Procedure*, §3721, p. 59 (2009). Moreover, as the Fourth Circuit has indicated, if federal jurisdiction is doubtful, the case must be remanded. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## II. Analysis

### A. Federal Question Jurisdiction

Federal question jurisdiction exists if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As such, a defendant may not rely on a federal defense to a state law claim as a basis for removal. *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Thus, the well-pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392. In admitting that the well-pleaded complaint raises only

4

state law causes of action, the defendant argues that "this Court has subject matter jurisdiction over this lawsuit because plaintiffs' [sic] state law claims are preempted by the Federal Bankruptcy Code." ([Doc. 12] at 5). For the reasons that follow, however, the Court finds HSBC's argument unavailing.

Federal preemption "is ordinarily a federal defense to plaintiff's suit. As a defense, it does *not* appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to the federal court." **Metropolitan Life Ins. v. Taylor**, 481 U.S. 58, 63 (1987) (emphasis added). Moreover, the Supreme Court has also stated that:

> A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

**Franchise Tax Bd. v. Constr. Laborers Vacation Trust**, 463 U.S. 1, 14 (1983); *see also* **Taylor**, 481 U.S. at 66 ("The touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an 'obvious' preemption defense does not, in most cases, create removal jurisdiction.").

Here, HSBC's preemption argument is merely an anticipated defense. Based upon the foregoing authority, such a defense cannot provide a basis for removal jurisdiction. Accordingly, this Court cannot base a finding of subject matter jurisdiction upon the existence of a federal question. Therefore, unless diversity jurisdiction exists, this case must be remanded.

> **B.     Diversity Jurisdiction**

The plaintiff argues that diversity jurisdiction does not exist because the amount in

controversy requirement has not been met. In support of this argument, the plaintiff stipulates that the amount in controversy does not exceed $75,000. Without regard to the plaintiff's stipulation,[1] this Court agrees that the amount in controversy requirement has not been met in this case.

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.[2] 28 U.S.C. 1332. The amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." **Sayre v. Potts**, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999) (citing **Landmark Corp. v. Apogee Coal Co.**, 945 F.Supp. 932, 936-37 (S.D. W.Va. 1996)). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. **Weddington v. Ford Motor Credit Co.**, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* **Mullins v. Harry's Mobile Homes**, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). At the very least, the requirement must be proved by a preponderance of the evidence. **Landmark Corp.**, 945

---

[1] In disregarding the plaintiff's stipulation, the Court notes that to be operative such a disclaimer must be "a formal, truly binding, <u>pre-removal</u> stipulation signed by counsel and his client explicitly limiting recovery." **McCoy v. Erie Ins. Co.**, 147 F.Supp.2d 481, 485 (S.D. W.Va. 2001) (Haden) (emphasis added); *see also* **Virden v. Altria Group Inc.**, 304 F.Supp.2d 832, 847 (N.D. W.Va. 2004) (Keeley) (following **McCoy** rule); **Asbury-Casto v. Glaxosmithkline, Inc.**, 352 F.Supp.2d 729, 733 (N.D. W.Va. 2005) (Stamp) (same); **Smith v. Booth**, 2007 WL 2963776, *3 (S.D. W.Va. Oct. 9, 2007) (Goodwin) (same).

[2] In this regard, the Court notes that it is undisputed that the plaintiff is a citizen of West Virginia and HSBC is a citizen of another state. As such, the sole issue is whether the amount in controversy has been satisfied.

F.Supp. at 935.  Further, where a plaintiff chooses to bring an action in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . .." **St. Paul Mercury Indem. Co. v. Red Cab Co.**, 303 U.S. 283, 290 (1988).  Finally, in conducting this analysis, a court "is not required to leave its common sense behind." **Mullins**, 861 F.Supp. at 24.

In this case, the plaintiff alleges four (4) acts, which he contends violate provisions of the WVCCPA.  Even if a single act were to violate multiple provisions of the WVCCPA, there can only be one recovery per act.  **In re Machnic** 271 B.R. 789, 794 (Bankr. S.D. W.Va. 2002) (citing **Sturm v. Providian Nat'l Bank**, 242 B.R. 599 (S.D. W.Va. 1999)).  Using the proffered maximum recovery per violation of $4,367.20, the maximum recovery under the WVCCPA is $17,468.80.[3]  While the plaintiff has also pled entitlement to attorneys fees and costs, the potential recovery is too speculative to support a finding that the removing part has proven damages in excess of $75,000 by a preponderance of the evidence.  Therefore, inasmuch as the removing party has failed to satisfy its burden of proving that the amount in controversy is in excess of the jurisdictional amount and given the directive from the Fourth Circuit that when federal jurisdiction is doubtful remand is proper, this case must be remanded.

In sum, the Circuit Court of Jefferson County possesses jurisdiction to adjudicate the claims made by the plaintiff under West Virginia law.  Without either diversity or federal question jurisdiction, any judgment rendered by this Court would be immediately vacated on appeal for lack of subject matter jurisdiction.  As such, this case must be remanded to

---

[3] The Court notes that there is no potential cancellation of debt in this matter, as the plaintiff alleges he has already received a discharge of the debt in question.

the Circuit Court of Jefferson County.

## **CONCLUSION**

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court of Jefferson County, West Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record as well as to the Circuit Court of Jefferson County, West Virginia.

**DATED:** September 8, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE